See also 812 F.Supp. 676.

Wanda C. STRINGER, Monica Micou, Marcus Peterson, Individually and as Members of the Class They Represent, Plaintiffs,

v.

Civ. A. No. DC 89–120–D–O.

United States District Court, N.D. Mississippi, Delta Division.

Jan. 27, 1993.

Alma C. Campbell, Memphis, TN, Willie Perkins, Sr., Greenwood, MS, for plaintiffs.

Robert Sanders, Sp. Asst. Atty. Gen., Jackson, MS, Robert Buck, Greenville, MS, for defendants.

## MEMORANDUM OPINION

DAVIDSON, District Judge.

This cause of action is before the court on a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure [1] by the state defendants Kirk Fordice, Dick Molpus, and Mike Moore, in

---

1. As explained in the three-judge court memorandum opinion, the court elects to treat state

defendants Rule 12(b)(6) motion as one for summary judgment.

their official capacities as elected officials and as members of the State Election Commission. The court has considered the motion along with supporting memoranda and attached exhibits and finds that the motion is well taken and should be granted.

In their complaint, plaintiffs allege that the state defendants violated section 5 of the Voting Rights Act, codified at 42 U.S.C. § 1973c, as well as the Fourteenth and Fifteenth Amendments to the United States Constitution. The facts and the procedural history of this case are set out in a memorandum opinion dated January 25, 1993, by the three-judge court empaneled to hear plaintiffs' cause of action pursuant to the *Voting Rights Act*. The three-judge court granted the state defendants' motion for summary judgment on the section 5 count of the complaint, and the remaining allegations of the complaint allege that the defendants have violated certain constitutional rights. Specifically, it is asserted that the plaintiffs and others similarly situated who voted for Wanda Stringer in the June 6, 1989 election for Mayor of Mound Bayou have been disenfranchised from the political process and denied the right to participate equally and to have their votes counted on an equal basis with other voters, all in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution.

## ANALYSIS

■ The Fourteenth and Fifteenth Amendments of the United States Constitution do not confer upon any citizen an absolute right to vote. Rather, both amendments prevent discrimination where the right to vote has already been granted. *Guinn v. United States*, 238 U.S. 347, 362–64, 35 S.Ct. 926, 930–31, 59 L.Ed. 1340 (1915). Therefore, in order to establish a cause of action under the Fourteenth and Fifteenth Amendments, plaintiffs must establish that the defendants acted with a discriminatory design or purpose. *Arlington Heights v. Metropolitan Housing Authority*, 429 U.S. 252, 265, 97 S.Ct. 555, 563, 50 L.Ed.2d 450 (1977); *Washington v. Davis*, 426 U.S. 229, 239–41, 96 S.Ct. 2040, 2047–48, 48 L.Ed.2d 597 (1976). In this

regard, the court has carefully reviewed the entire record in this case and finds absolutely nothing which even hints of a race or gender-based discriminatory intent on the part of the state defendants. There is simply nothing to support this allegation as a viable cause of action.

Furthermore, candidate Stringer was disqualified as a candidate for mayor based on her membership on the Bolivar County Elections Commission. The basis for disqualification was contained in *Miss.Code Ann.* § 23–15–217(1) which provided as follows:

> (1) A commissioner of election of any county shall not be a candidate for any other office at any election held or to be held during the four-year term for which he has been elected to the office of commissioner of election or with reference to which he has acted as such; and all votes cast for any such person at such election shall be illegal and shall not be counted, except that he may be a candidate for the office of county election commissioner.

■ According to state law, all votes cast for Wanda Stringer were illegal votes, not to be counted. Mississippi's rule of law that prohibits a county elections commissioner from seeking other elective office during their term of service cannot be construed as a constitutional violation in and of itself. In *Clements v. Fashing*, 457 U.S. 957, 961–63, 102 S.Ct. 2836, 2843, 73 L.Ed.2d 508, 516 (1982), the United States Supreme Court considered a state statute which limited a public official's ability to become a candidate for another office. The Court determined that the prohibition did not violate the equal protection clause of the Fourteenth Amendment since the right to candidacy was not a fundamental right, and the mere existence of a barrier to a candidate's access to the ballot "does not of itself compel close scrutiny." *Clements*, 457 U.S. at 963, 102 S.Ct. at 2843 (quoting *Bullock v. Carter*, 405 U.S. 134, 143, 92 S.Ct. 849, 856, 31 L.Ed.2d 92 (1972)). The Mississippi Supreme Court followed the lead of *Clements* in *Meeks v. Tallahatchie County*, 513 So.2d 563, 568 (Miss.1987) when it concluded that § 23–15–217 im-

posed no special burdens on minority parties or independent candidates.

The court finds that no genuine issues of material fact exist regarding the alleged violations of the Fourteenth and Fifteenth Amendments by the state defendants. Accordingly, as a matter of law, the state defendants are entitled to summary judgment on those counts of the complaint.

A judgment consistent with this memorandum opinion will be entered this day.